Michael DiChiara, Esq.
Krakower DiChiara LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
Telephone: 201-746-0303
Fax: 347-765-1600

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
--------------------------------------------------------x

**EDWARD DABAL,**

              **Plaintiff,**

    **v.**

**IMPULSE COURIER SERVICE INC.,**

           **Defendant.**

--------------------------------------------------------x

        **COMPLAINT**

        **DEMAND FOR JURY TRIAL**

     Plaintiff Edward Dabal, through his attorneys Krakower DiChiara LLC, brings this Complaint against Defendant Impulse Courier Service Inc. and alleges as follows:

## INTRODUCTION

     1.    Plaintiff brings this lawsuit seeking recovery against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. § 34:11-4.1, *et seq*., and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq*.

## JURISDICTION AND VENUE

     2.    This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

3.      This Court has subject matter jurisdiction over Plaintiff's NJWPL and NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

4.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

5.      Defendant Impulse Courier Service Inc. ("Defendant" or "Impulse Courier") is a courier and delivery company.

6.      Upon information and belief, Defendant's corporate office is located at 628 State Route 10, Suite 15, Whippany, NJ 07981.

7.      Upon information and belief, at all times relevant to this Complaint, Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

8.      At all times relevant to this Complaint, Defendant was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*, the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1, *et seq.*, and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*

9.      Plaintiff Edward Dabal is an adult individual who is a resident of Clifton, New Jersey.

10.     Plaintiff was employed by Defendant as a courier from July 18, 2008 until July 26, 2017.

## FACTS

11.     Defendant committed the following acts knowingly, intentionally and willfully.

12.     Defendant wrongfully misclassified Plaintiff as an independent contractor throughout his employment.

13.     Throughout his employment with Defendant, Plaintiff was an employee of Defendant.

14.     At all times relevant to this complaint, Plaintiff worked exclusively for Defendant.

15.     Plaintiff was required to call in advance for Defendant to approve any requests off for sick days, personal days, and/or time off for doctor's appointments.

16.     Plaintiff's supervisor at Defendant, Mr. Murphy, reprimanded Plaintiff for scheduling necessary doctor's appointment during work visits.

17.     Rather, Mr. Murphy instructed Plaintiff to schedule all doctor's appointment outside of work hours.

18.     Plaintiff was compensated for his time performing deliveries on a flat rate basis, ostensibly calculated as a percentage of the rate Defendant charges its clients for Plaintiff's work.

19.     Defendant did not record the amount of hours spent by Plaintiff performing deliveries.

20.     Plaintiff was consistently not paid for any wait time between deliveries.

21.     Plaintiff was scheduled to work from 8am-4pm Monday through Friday.

22.     Defendant regularly required Plaintiff to continue working after his scheduled end time.

23.     As a result, Plaintiff regularly worked until 5:30pm or later.

24.     On occasion, after Plaintiff completed his scheduled tasks for the day, Defendant mandate Plaintiff perform work for other clients of Defendant resulting in an additional four to five work hours after his schedule ended.

25.     Plaintiff regularly worked in excess of forty hours (40) per workweek.

26.     Defendant had actual and/or constructive knowledge that Plaintiff worked in excess of forty hours in a week.

27.     In fact, on at least one occasion, Plaintiff complained to Mr. Murphy that he was being required to work significantly more hours than he was scheduled to work.

28.     Rather than take any actions to properly compensate Plaintiff, Mr. Murphy merely thanked Plaintiff for being such a good worker.

29.     Defendant unlawfully failed to pay Plaintiff one-and-one-half times his regular rate for hours that he worked in excess of forty (40) per workweek.

30.     Defendant took deductions from each and every paycheck for the Plaintiff for expenses.

31.     Defendant failed to reimburse Plaintiff for legitimate business expenses, including fuel, toll, and cellular telephone expenses.

32.     By routinely taking improper deductions and failing to reimburse expenses for Plaintiff, Defendant violated wage and hour laws.

33.     Defendant exercised comprehensive control over Plaintiff's employment including, but not limited to: requiring Plaintiff be at the launch station at a fixed time each workday, requiring Plaintiff return to the launch station after completing their route, and requiring Plaintiff to stay in contact with Defendant by cellular telephone throughout his

workday to receive instructions.  Defendant also suspended and/or terminated couriers who violated company rules.

34.     Defendant knew that the nonpayment of overtime, failure to reimburse expenses, and illegal deductions would economically injure Plaintiff and violated federal and state laws.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*)**

35.     Plaintiff realleges and incorporates by reference all previous paragraphs.

36.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

37.     At all relevant times, Defendant operated under common policies, plans and practices of willfully failing and refusing to pay Plaintiff at one-and-one-half times his regular rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even Plaintiff was entitled to overtime.

38.     At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

39.     Plaintiff seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Illegal Pay Deductions,  N.J.S.A. § 34:11-4.1, *et seq.*)**

40.     Plaintiff realleges and incorporates by reference all previous paragraphs.

41.     Defendant willfully withheld and/or diverted a portion of Plaintiff's wages by routinely taking improper deductions from the wages of Plaintiff and by failing to reimburse Plaintiff for legitimate business expenses.

42.     By routinely taking improper deductions and failing to reimburse expenses for Plaintiff, Defendant violated N.J.S.A. 34:11-4.4.

43.     The NJWPL creates a private cause of action for employees to sue in court for wages claimed to be due.  A claim for wages improperly withheld or diverted is a claim for non-payment of wages due for which there is a private cause of action under New Jersey statutory law.

44.     Plaintiff seeks damages in the amount of all improper deductions and unreimbursed business expenses, as well as any and all available statutory and punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(NJWHL Overtime Violations, N.J.S.A. 34:11-56a, *et seq.***

45.     Plaintiff realleges and incorporates by reference all previous paragraphs.

46.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

47.     At all relevant times, Defendant operated under common policies, plans and practices of willfully failing and refusing to pay Plaintiff at one-and-one-half times his regular

rate for work in excess of forty (40) hours per workweek, even though Plaintiff was entitled to overtime.

48.     At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

49.     Plaintiff seeks damages in the amount of their respective unpaid overtime compensation, as well as any and all available statutory and punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New Jersey law;

B.     An injunction against Defendant and Defendant's officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

C.     An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

D.     Penalties available under applicable laws;

E.     Costs of action incurred herein, including expert fees;

F.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, the NJWPL, NJWHL, and other applicable statutes;

G.      Pre-Judgment and post-judgment interest, as provided by law; and

H.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:   April 25, 2018              Respectfully submitted,

KRAKOWER DICHIARA LLC

By:

__s/ Michael R. DiChiara_____

Michael R. DiChiara

One Depot Square
77 Market Street, Suite 2
Park Ridge, New Jersey 07656
201-746-0303
347-765-1600 (fax)

*Attorneys Plaintiff*


## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.